Good morning. Welcome to our arguments on Wednesday, January 23, 2014. Our first case of the morning is Agenda No. 10-116303, Larry Nelson v. The County of Kendall. Are the parties ready to proceed? We may proceed. Thank you, Jessica. My name is Grant Wegener, and along with me is Pete Grometer. We're from the law firm of Mahoney, Silverman & Cross, and we represent the plaintiff's action. The issue before you is whether or not the state's attorneys are subject to FOIA. We contend that they are. We understand that under the law in the Twin Cities case, it's clear that when you look at FOIA, FOIA is to be liberally construed, and I also want to make it clear that we take no issue with the exemption. That's not what our case is about. There's four pages of exemptions. I understand those. I respect those. But clearly, that's not what we're here for. We're here simply to identify the issue, address the issue of whether state's attorneys are subject to FOIA. Legislative intent is the method in which we can make that determination. And one of the most reliable indicators is actually the language of the statute itself. And as you look at the statute, we understand that public bodies which define the entities that are subject to FOIA include legislative, include executive, and a variety of other bodies. It does not include the judiciary, and it's found in the Copley case in the Second District, it was held that the judiciary is not subject to FOIA. When we look at the state's attorney's role, clearly the state's attorney is a member of the executive body. The state's attorney has admitted in their brief that they are at least partially members of the executive body. And the Supreme Court, in the case of Ingebrigtsen v. Hedges and Bailey v. Surya, has likewise indicated that the state's attorneys are members of the executive body. Another aspect of the statute that I believe is instructive as it relates to whether or not the state's attorneys are subject to FOIA or not is the fact that when you look at the FOIA statute, there's an actual review process under Section 11, a judicial review as it relates to injunctive relief or declaratory actions. What's happened with the decisions out of the Ephoff case in the Fourth District and our case in the Second District, they have taken the word judiciary, which actually wasn't even included in the public body section, but they've included and broadened the language of judiciary. So by virtue of that, what it means is that on one section of the statute, based upon these two cases, you have a definition of judiciary which includes state's attorneys. The conflict then arises if we look at what the legislature intended. They certainly could not have meant for the state's attorney to become part of the judiciary under public body section, because then it would be conflict with Section 11, which allows for judicial review. There's absolutely no way that the state's attorney should be part of the judicial review. So the statute in itself, the way that the Ephoff and Nelson Court have held, creates a bit of a conflict. Another area that I think is relevant pertains to other statutes that give us some indicators as to whether or not the legislature actually intended for state's attorneys to become members of the judiciary for purposes of FOIA. Under the Open Meetings Act, there are times... Did the appellate court base its decision and analysis on the state's attorney's office being judicial in nature? Or was the analysis a little bit different? It was the second district, the Nelson case, held that the fact that the state's attorneys were included within the judicial article was determinative of the issue. But then they also went on to discuss the fact that... There was no intention to ever have FOIA apply to the state's attorneys, right? It was more of a public policy analysis? Would you define it as that? Well, I think that the whole issue with respect to including in the Constitution, again, it's only as it relates to selections and salaries. And the cases have indicated that that's what Ingebrigtsen is about. And the Ingebrigtsen Supreme Court made it clear that that's what this case is about. So I don't believe that really a policy comes from it. The second district just said, look, we look at the fact that the state's attorneys are included in the judicial article, and then we look at this language, the Appellate Prosecutors Act, the amendment in 2010, to arrive at our decision that state's attorneys are subject to FOIA. May I ask you a question about that language? Absolutely. Because, as we know, the case in the Fourth District really spends a lot of time discussing the amendments to the State's Attorney's Appellate Prosecutor Act and trying to draw something from that. So these are the words that the legislature chose. There is created the office of the State's Attorney's Appellate Prosecutor as judicial agency of state government. What do you think that means? Well, I think under the circumstance of what's happened, if you look through all of these cases, when we talk about state's attorneys in particular, you'll find that there's a real concern to make sure that state's attorneys are members of the state government and not part of the county because of exposures and things of that sort. That particular act, I take issue with it for a variety of reasons. Number one, what we're doing is taking an act of 2010, an amendment on a separate act, and trying to tell us what the legislative intent was 27 years earlier. And I think that becomes, I think it's very informative of what the legislative intent may have been in relation to the appellate prosecutor act. That is my question. The argument has certainly been made is that prosecutors are part of the executive nature and not judicial. Right. So why did the legislature choose this language and say that the state's attorney's appellate prosecutor as a judicial agency? What do you think they meant? Well, Justice Steigman indicated that it was his belief that that language was a response to our case and the appellate case. Now, assuming that to be the case, I don't know that it's necessarily the case, but if that was truly the intent, the legislature could have gone back into FOIA and said state's attorneys are not subject to FOIA. They didn't choose to do that. They went to this other avenue, and again, as Justice Steigman indicated, it was simply a response. The other relevant statutory provisions, I think the Open Meetings Act is one I was going to comment on. Under the Open Meetings Act, the state's attorney has the obligation to make sure there's no violations of open meeting. And under the act, if they are investigating to determine whether there's been a violation of the Open Meetings Act, they have the authority to gather the documents, gather the information to make that determination. Now, when you look at the act, the Open Meetings Act, the act specifically says if you're a state's attorney, you're gathering that information because of a violation of the Open Meetings Act, that information is not subject to FOIA. So the fact that under the Open Meetings Act, they make it clear that the state's attorney does not have to reveal this information under a FOIA request, it seems evident to me that the legislature believed that the state's attorneys are subject to FOIA. Otherwise, they wouldn't need to include that exemption. Another statute that I think is relevant is the Judicial Privacy Act that came recently. And we understand under the Judicial Privacy Act, of course, with respect to judges, there's a lot of information that should and need be protected. Interestingly enough, when that act was passed, after that, the legislature then passed another FOIA amendment, saying when we talk about this issue, the Judicial Privacy Act information, that information is not subject to FOIA. Now, the relevancy to this case is the fact that the state's attorneys weren't part of that discussion. There's no similar provision as relates to state's attorneys. So, again, it's an indicator that the legislature really felt that it was not going to be necessary. So we're really looking at what's an ambiguous statute. Is that right? Well, I don't think so. I think, in my mind, what it is, and the Copley case addresses it. Because the statute says executive and legislature does not include judicial. And the Copley case in the Second District said they're not included, so they're not going to be subject to FOIA. And even if you look at the legislative history, which is another area that can be looked at in this regard, you'll find that the legislative history, as it pertains to state's attorneys, and, again, I don't know if this goes to the ambiguity issue, but the legislative history, you have Representative Curry, who was the sponsor of the bill, and you have Representative Hawkinson, who was the former state's attorney, discussing this very issue. Should state's attorneys be subject to FOIA? And the bottom line is no. They should not be. Prosecutors should not be subject to FOIA. So if you look at the legislative history as well, I think it resolves, to some degree, that ambiguity. And I think the fact that the Second District said public bodies did not include judiciary, that really does not become ambiguous. The problem comes in is when Uphoff and Nelson take this word judiciary and expand its meaning to include judiciary as it relates to the FOIA. Should we, or is it appropriate to consider whether these e-mails related to court proceedings? Who would receive the FOIA under those circumstances, Justice? My question is, is that something we ought to concern ourselves with or not? Or should a lower court concern themselves with that?  We have these four pages of exemptions, and certainly if Mr. Weiss is involved in an investigation and somebody FOIAs whatever entity that has that kind of information, we say, wait, we have an exemption. You know, we can't respond because this investigation is ongoing at some point. We'll need to resolve it when it's all concluded. But up until that point, those issues would not be relevant or appropriate for FOIA disclosure until such. There's one other statute that's not state-related, but I think it's instructive also on whether or not the state should be part of the judiciary as it relates to FOIA is the federal system. Under the federal law, as it relates to FOIA, the judiciary is not subject to FOIA, but the Department of Justice is. Again, giving us none. Does that help us in terms of telling what our legislation intended? Maybe not, but again, it shows us some indication that this is well-known information that certainly circulates amongst the legislators and should be considered. When we talk about this purpose of FOIA, again, it's the access to the affairs of government. The problem we now have is that we have a system that's clearly based on checks and balances. Three branches of government, we all understand how it works together and it's integrated together. As it now stands, there is no checks and balances with respect to the state's attorneys and FOIA. They're completely left out of the picture. They're not subject to it at all, and that becomes an issue. A couple of examples. If, for instance, I had a good relationship with the county board and I have a piece of property that's worth the fair market value of $100,000, and under the circumstances because of my relationship with some of the board members and maybe the state's attorney, I cut a deal for $250,000. $150,000 over the fair market value. And now what happens is we close the deal, the state's attorney is there on behalf of the county, and the deal is closed. I get my extra $150,000. Now somebody wants to FOIA the state's attorney. Under the current law, it can't be done. And that has to be disposable. And you have to have the opportunity. Once all the relevant information, no exemptions are applicable, you have to have the opportunity for the public to access that kind of information. Another possible example, in fact, Mr. Weiss and I, this is my state's attorney in Kennel County, we have an issue in Kennel County where there was a time when per diems paid to the county board were at issue, where they were being paid too much and there was a policy issue. So Mr. Weiss probably saw I had a forensic audit done. And at some point I'm sure that that forensic audit will become public, but we've been going through this investigative stage of the proceeding. I'm convinced that Mr. Weiss will release that forensic audit at some point. But you may have a state's attorney who wants to say under the law, I don't have to, I'm not subject to FOIA. And so the state's attorney may have this forensic audit that protects maybe a board member that had too much money against the per diems or whatever the circumstances may be that the state's attorney wants to protect. With the current status of the law, there's no opportunity for the state's attorney to be FOIA'd. That's information, that's the type of information that FOIA is really all about, the access to the affairs of government. Are you asking us to decide this case then based upon what's in the best interest of the public, public policy, or is it simply a question of whether the public body, because it does not include the judiciary, is it simply a question of whether the state's attorney is a member of the judiciary? I think that you really need to consider the policy as sort of the umbrella justice. I think through what we're talking about. So I think the policy, the access to affairs of government, has to be considered as we work down through these various things to indicate whether or not legislative intent was met or not. So I think it really does. But it's clear with regard to the judiciary that the legislature apparently has made that determination. Absolutely. There's a well-reasoned decision out of the Second District, the Copley case. It says that, that under the circumstances, we take you out because you're not actually included. And then there's, it makes good sense for a variety of reasons. It seems like, and we may agree or disagree, but going back to the appellate court decision here, Mr. Wegener, it appears that the appellate court, as I said earlier, made some type of policy decision. I don't know if it was struck out of fear of what could happen and the parade of horribles if FOIA did apply. But aren't they basically saying we're not going to extend FOIA to the State's Attorney's Office unless the legislature expressly tells us to do so? Isn't that the import of that decision? That's certainly inference. That's certainly inference. And you see the policy argument going the other way, obviously. Right. There are a couple cases that give us other information when we examine this question as to whether or not a body should be part of the judiciary. And we look at the Copley case, as we've talked about already. And under Copley, it was a pretrial agency service. And, of course, a pretrial agency service, what they're going to do is monitor pretrial defendants out on bond and provide supervision as it relates to those various programs. The Copley court held that that pretrial service agency was performing clearly a judicial function and that they were directly accountable to the chief judge. So if we apply Copley to our current scenario, it's obvious that there's no way that the State's Attorney's Office can be performing a clearly judicial function, nor can they be directly accountable to the chief judge for reasons of ethics, for reasons of separation of powers, and a lot of other reasons. The Newman case, the other case that I think is instructive, is the case where the circuit clerk was discussed. And in that case, it becomes apparent, and Nelson didn't really believe this carried a lot of weight, because they said it was really just simply a question of whether or not the circuit clerk is a member of the State or a member of the county. But what helps us understand is the fact that under the Newman case, they also discussed the fact that the judiciary controlled the circuit clerk. So it gives us another opportunity, just like Copley. We now have an opportunity to talk about, is the State's Attorney controlled by the judiciary? Absolutely not, nor should they ever. And what these cases result in are sort of the unintended consequences. The unintended consequences of being that now we have a situation where State's Attorneys are performing a judicial function, clearly a judicial function, State's Attorneys are directly accountable to the chief judge, and State's Attorneys are in fact accountable to the jury, to the judiciary. And it cannot be. It just absolutely cannot be. So it's for all these reasons that I am convinced that what needs to happen is the State's Attorneys need to be subject for you. They're entitled under the four pages of exemptions. I fully agree with that. But if we don't change the law or change the ruling of the appellate court and the trial court, we're going to have a State's Attorney, or the State's Attorney's body, that is going to be entirely void of any access by the public. And I think that would be a very destructive result to our system of checks and balances. Thank you. Thank you. Weiss? Good morning. May it please the Court, my name is Eric Weiss, and I am the State's Attorney for Kendall County. The issue I see, as Mr. Wagner has indicated, is very simple. Is the State's Attorney's office subject to FOIA? Mr. Wagner has indicated, and I agree with the definition of FOIA, the definition of public body excludes judicial bodies in its definition. And the second district in this case, in the Nelson case, has decided that the exclusion of the judiciary, excuse me, the judiciary, is not limited to just the judiciary. That a judicial body is more than just judges or the judiciary. Judicial bodies can include other entities. And in this case, State's Attorneys, by its placement in the Article VI of the Constitution, under the judicial article, can be a judicial body for purposes of FOIA. Therefore, they are not a public body. And therefore, they are not subject to FOIA. And that's even so, Mr. Weiss, in light of our case law, that indicates we've always held the State's Attorney to be executive in nature? Correct. And I don't think that the decisions of this Court are contrary to the decision in Nelson. It is no question that State's Attorneys do perform executive functions. And I think that that's clear. We are prosecutors. That is part of what we do. While we do perform other functions, administrative and some very small judicial functions, primarily we perform executive functions. But this is not a functions test. The plaintiff wishes that this would be, for this Court, to create a functions test and to ignore the plain language of the Constitution and our placement in the Constitution. And by doing so would impose a test that would have some unintended consequences in this case. It was not set forth by statute by the General Assembly to create a functions test where one is not needed. And it could lead to some, as I indicated, unintended consequences. If you look at functions of an entity to determine whether or not they are a public body for purposes of FOIA, you would have to look at, for example, the State's Attorney to see what function are they performing at that particular time. How and under what circumstances was that record created? Same with the judiciary. Would that subject the judiciary then subject to FOIA? Because if you look at its function while you're performing your functions as a judge and you're performing the adjudicative function, clearly that is not intended to be subject to FOIA. But as you perform your administrative function, would that be subject to FOIA? Another entity that would be in conflict would be the Judicial Inquiry Board. The Judicial Inquiry Board obviously is found in the Constitution. It's in the judicial article of the Constitution. And I don't, again, the Attorney General has issued an opinion. I know the Court has not at this point. But the Attorney General has issued an opinion that the Judicial Inquiry Board, based on its placement in the Constitution, is not subject to FOIA. But if you look at their functions on what they do, they are very similar to what a State's Attorney does. They perform executive functions. They investigate and prosecute cases that are filed or complaints filed against judges. So, again, if you look at a functions test, where would you put the Judicial Inquiry Board? That would be a concern. And the question is not a separation of powers issue. Justice Thomas started to comment on it at the beginning. Is this going to be a separation of powers argument based on our executive functions being placed in the judiciary? Is that going to be a problem? For purposes of FOIA, it's not a problem. Because FOIA is limited to whether or not our records are subject to disclosure. There is no reciprocation of powers argument in this case. By including us in the judicial body of FOIA, as a judicial body of FOIA, I should say, making us not a public body, we are not taking on any duties of the judiciary. We are not adjudicating cases. We are not standing in the role of a judge or a justice. We are not changing any functions that either body performs. Simply, the Nelson Court and the Uphoff Court have found that we can be included as a judicial body, and therefore not subject to FOIA. Because when we look at other provisions, the General Assembly has said that judicial bodies or judiciary does not equal judges or simply the judiciary. Judicial bodies can be more than simply judges or the judiciary. And it looked, again, it didn't look to an outside source to determine whether or not states should be subject to FOIA. It was clearly looked solely at the placement in the Constitution. But it did look at the State Appellate Prosecutors Act to determine whether or not the General Assembly is ever intended for an agency that's clearly not judicial. There's no question the State's Attorney Appellate Prosecutors Act performed any judicious functions whatsoever. In fact, they are probably the most liked agency to the state's attorney that there is. They perform and step into the place of the state's attorney when the state's attorney cannot perform his or her duties. Yet, the General Assembly did, in fact, include them and change them to a judicial agency of state government. And the argument has been, and I think the Fourth District spent a lot of time on this issue, about why would you do that. Is there any reason you would change that? And there was discussion about making them from a county agency to a state agency. But the statute prior to 2010 included they were, in fact, a state agency. So there would be no need to clarify what was already there. Why they did that, again, I don't have the insight to say. But it makes perfect sense to say that they changed the definition to include more than just the judiciary when you look at the State Appellate Prosecutors Act. The Fourth District in that Uphoff case, in looking at the FOIA statute that we're focusing on today, said at one point, one might think that the legislature could have been more direct and less ambiguous in this case. And then later they say, we mention this because in the context, our conclusion that the legislature took a rather obscure, no, a rather oblique path to including a State's Attorney's Office under the judicial exemption of the FOIA Act. So in other words, the Fourth District apparently is finding that the statute we're looking at is ambiguous. Do you agree with that? I think if you look at the statute itself, it could have been clearer. I don't think there's either specifically excluding and listing the State's Attorneys as being excluded from FOIA or specifically including them would obviously make it much clearer. But I think by looking at the definition of judicial body and not using the word judiciary, I think it's clear that they, that the placement of an entity in the Constitution is dispositive if they are placed in the Constitution. That's, and back to my question. Sure. Is this ambiguous or not? You argue in your brief that we should not look beyond, I think you said, the four corners of the statute, correct?  And yet you want us to look at the Constitution. So my question, again, are you saying that this is, should we just be looking at the statute or is the statute ambiguous? Because as a term of art, of course, that would mean that we'd be able to look beyond that to the legislative history. I think that for purposes of determining what a judicial body is, there may be times where you have to look past the language itself because it doesn't define what a judicial body is. If you look under FOIA and look under the definitions, there's no definition of what judicial body is. The courts have looked at determining that its absence from the statute has excluded the judiciary from FOIA. Now, obviously, it had to look a little beyond the statute itself to do that when it looked at circuit clerks. It had to look at its placement in the Constitution because they are not, obviously, judges. There had to be a determination, again, not by this court but in an appellate court first district. Same thing when we look at pretrial services. They are not listed anywhere in the Constitution. And I know that looking at that case, and just Thomas wrote the opinion in the second district, when you look at those cases, you looked at what functions they were performing. I think one of the things that you can also look at is how were they statutorily created? They were statutorily created as an arm of the circuit court. Again, any subcommittees of any legislative, executive, or administrative bodies may be subject to FOIA but also would tend to reason that any subcommittee of a judicial body would not be subject to FOIA. So in answer to your question, Justice, I think that you look at the statute to see what it is that is exempt. It's clearly the judicial bodies are exempt because they are not specifically included. But also it's not specifically included in the State's terms. And determination of where they fall in that category, yes, you would have to look at the Constitution to determine what the definition of a judicial body is. That portion may be unclear, but the statute itself is not. Should we look at the legislative history and Representative Curry's remarks? I think you can look at the legislative history for what weight it should be given. That's the opinion of one State representative, and I think in the Fourth District this was a subject of much discussion during the oral arguments, is that the fact that one representative makes one statement, is that impugn upon everyone who votes? Is it impugn upon the Senate who did not participate in those discussions at the time? But I think if you look at the language itself, it uses the word prosecutors. It doesn't use the word State's attorneys at all. And prosecutors, as we're well aware, involves not only the State's attorneys, as we are prosecutors, it involves the Attorney General, which is obviously subject to FOIA, because of its location in the executive article of the Constitution, and local attorneys who may perform prosecutorial functions. So I don't think it's as clear as saying, well, they said prosecute, one representative said prosecutors, therefore it must mean it applies to State's attorneys. Mr. Weiss? Yes. Shouldn't the Freedom of Information Act be read liberally in favor of allowing disclosure? Isn't that the purpose? Well, the first – yes, it does, and I think it should. The first question that has to be asked is whether or not the Freedom of Information Act applies to that particular public body. If it does, then the disclosure of records should be looked at to disclose in favor of public policy, for which I agree. But if you're not subject to FOIA, the public policy provision doesn't apply. For example, to the judiciary, would there be times where it would be a public policy argument to allow records of the judiciary to be disclosed? Could there be examples in situations where that would be relevant? There could be. But that's not – that issue is never decided because the judiciary is not subject to FOIA. So it doesn't matter if those are public policy or not, or those are – public policy should allow for the disclosure of those records because the judiciary is exempt from FOIA. Regardless of what records are being sought and regardless of the purpose of the disclosure of those records would entail. If you look at the decision in Nelson and Uphoff as well, both courts declined to extend FOIA to states' attorneys absent a clear intent by the legislature to do so. And we're asking this court to do the same thing. If the General Assembly wants to change FOIA, and since the decision in Nelson and since the decision in Uphoff, and Uphoff has been very recent, but the decision in Nelson, there's been no action taken by the General Assembly to say, hold on a second, this was not our intent. Our intent was to have states' attorneys subject to FOIA and here's the bill that shows the Nelson decision was incorrectly decided. They have done nothing. They have taken no action to do so. It's the General Assembly's decision to include us in FOIA, as it could include the judiciary if it chose to do so. But if it does, there would be a bill presented, there would be debate, there would be discussions, and obviously ultimately there would be a vote. That would be to allow states' attorneys or any other entity to be included into FOIA. The statute is clear, Mr. Weiss, though, in this respect with respect to the term public body, it does mean all legislative, executive, administrative. And I'm just wondering, what do we do with our cases that indicate that the state's attorney is an executive body? See, that's why I went back. The question, let me just finish with Mr. Wagner, is it seems like, I just read through it again, the opinion by the second district seems to take the position that, and you've said it a couple of times, unless it's specifically in the statute that it includes state's attorney, it doesn't include state's attorney. But we still have to get over the hurdle, don't we, that we've already found it to be an executive body, and executive bodies is included in the statute regarding public body. Sure. And I think in looking at those cases, and not to split hairs with the definitions that have been set forth by this Court and other courts, is there's executive branch, executive article, executive body, executive functions. And they all clearly mean different things. Just as it does on the judicial side of judicial agency, judicial bodies, judiciary, judicial article, and judges. They all perform different things. A judicial officer does not necessarily equal the state's attorney. The judiciary does not necessarily equal the state's attorney. Same on the executive side. Do we perform the executive functions, and this Court has decided over the years? Absolutely. And, again, they're not in conflict by saying that we are a judicial body for purposes of FOIA because of how the General Assembly defined public body. It doesn't have to, again, going back to the separation of powers argument, it doesn't have to create a separation of powers argument issue because there, again, is no interpretation of powers between the two entities. We will still continue to perform executive functions, but our placement in the of whether we can be included in that broad definition of judicial body. Absent a definition to the contrary. And that's the key. It's up to the General Assembly to change or to modify that. It's not for, and the Nelson court and the Uphoff court said the same thing, it's not for the court to say, we could have done it better. Or we can do it better than the General Assembly. Or we know what should have been done. We know what they did. And what they did was exclude judicial bodies from FOIA. We also know that the state attorneys have been in the judicial article since the late 1800s. That topic has been there for over 100 years. So we don't need to consider what if any judicial role a state's attorney plays? I think it's helpful to say that we do perform some judicial functions, and that's the problem with the, may I finish the answer? Please conclude your argument. That it's helpful to look at that we perform several functions, and that's the problem with a functions test. But in overall, we don't need to look at what purposes we serve because of our placement in the Constitution. Again, thank you. Good morning, Your Honors. Madam Chief Justice, and may it please the court. My name is Scott Jacobson. I represent the Kendall County Board in this case as Special Assistant State's Attorney. You've heard a lot of arguments directed to the function of the state's attorney's office and whether or not it is or is not included in the FOIA. I represent another aspect of this case, an aspect of this case that I think has certainly been overlooked by the public, and an aspect of the case that the state's attorney obviously can't speak to because he was an intervener in the first case. The Freedom of Information Act, like many legislative objectives, has a fundamental disconnect between its theory and its practice. And this case exemplifies it by the way in which the plaintiffs petitioned the county for the state's attorney's records. What we're asking this court to do is to adopt the holding in Twin Cities and to adopt a rule that states that public bodies are not compelled to disclose records that they are not the primary source for. Meaning that in this case, because the county board runs the state's attorney's email server, it does not have a responsibility under the FOIA to grant the plaintiffs' requests and disclose potentially sensitive, potentially dangerous information that does not belong to the county board. I can't think of a better example than this one. It's file cabinets. The county board may pay for the file cabinets that exist in the state's attorney's office, but that does not give the county board license to go rummaging through the state's attorney's office at night and start handing out the state's attorney's files. It's a content-driven inquiry. That essentially is what the plaintiffs repeatedly asked the county to do in this case, and at certain points in time threatened the county, stated that they would go after the county for punitive damages, stated that they wanted attorney's fees in the case, when really the plaintiffs had no business asking the county for information that the county couldn't give. And then when the state's attorney's office complied with that request for a third time, the plaintiffs then filed their first lawsuit and bringing the court system into it. And so ideally there shouldn't be this type of, you know, rancor and behavior in the FOIA process. It should be very simple. It should be a requester asks for information from the appropriate public body, and the public body in compliance with the act grants that request and, you know, withholds those documents that can be exempted pursuant to Section 7 of the act. But that's not the conduct that occurred in this case, and that's not what happened in the case before this court. And so I think it would be nice if that were atypical. It would be nice if this were an unusual case, but it isn't. As somebody that deals with a lot of FOIA litigation, I can tell you that this more often than not is the case. And one of the reasons it is the case is because this court has not stepped in and said it's only appropriate to make a FOIA request of a public body who has the primary source, the public body who has the authority and the ability to give out and disclose those records. I don't think that there's any ambiguity in the statute. I think the statute itself is very clear. What I think needs to occur is a strong statement from this court that would deter this type of request, this type of unnecessary litigation in the future. If there are any questions from Your Honors about other aspects of the case? Seeing none, thank you. Thank you very much, Your Honors. My response will be relatively brief. A couple of things I need to point out in regard to the State's Attorney's argument. Ingeminsen clearly held that they were addressing salaries and selection and that aspect of the Constitution only related to salaries and selection, nothing else. So the fact that the State's Attorneys are under the judicial article doesn't really add anything to their argument, simply because they're only there for a particular purpose. And if we get to the point, as you were pointing out, Justice Thomas, where we have the Supreme Court telling us that State's Attorneys are members of the Executive, we have the State's Attorney admitting that they're Executive, at a minimum, even on the State's Attorney's statement, we ought to be able to have the opportunity to FOIA that part of the State's Attorney's work that's related to the Executive. And we have none of it. One other, let me comment on the County's position. The County has raised some issues. They've not been fully briefed. You look at the trial court. The trial court says State's Attorneys are not subject to FOIA. The trial court also said, I'm not considering any other arguments of defense. So the fact that, in fact, if you look at the County's motion to dismiss, it didn't even include this article or this argument about whether or not you have to send FOIA to the entity that has substantial interest or whether you can, in this case, send it to the County. There are statutes that address the concerns raised by the County. Currently, we have a statute that says if Larry Nelson wants to FOIA the County, he can. He has every right to do that, if they have the information. If the County has the information, what they can do then is ask more time to respond because they need to consult with a State's Attorney who has a substantial interest. So what counsel is suggesting that we do is circumvent that particular issue. Now, I also disagree with Mr. Jacobson on his interpretation of the Twin Cities case. The Twin Cities case was a situation where the Board has a substantial interest. The State's Attorney has that same interest or has the same documentation. And I'm not sure as to why it didn't get along very well, but the bottom line was the State's Attorney, when receiving the FOIA, says, here, you can have it all. And the Board's going, no, no, you can't. We have an exemption. And so what Twin Cities said is that that exemption by the body with substantial interest in effect trumps what the County may have been doing or, in that case, the State's Attorney may have been doing. The other thing about these issues, again, the appellate court didn't look at them. And if there was any sense that these are issues that need to be revisited, the proper course of action, in my mind, would be to remand it to the trial court and the trial counsel and review these issues with the trial court. Having said that, again, I appreciate your consideration and would ask, in fact, that you take the position that State's Attorneys need to be subject to FOIA for purposes of the access to the government. Just one question. It's clear you didn't raise that issue in your PLA. No. Because, according to you, it was not ruled on by the trial court or considered. It wasn't considered. Absolutely right. And even as things unfold, again, Justice, if you look at the motion dismissed, filed by the County, they never raised that issue. And so we have the trial court saying, this is how I'm ruling. And State's attorneys are members of the judiciary for purposes of FOIA and making very, very clear they're not ruling on anything else. And it may have been. I don't know the answer, but it may have been because maybe the trial court felt they didn't have enough information in terms of evidence, facts, or briefs and law. So I think that if there was any indication or feeling that these issues need to be resolved, they have to be back to the trial court for review. Thank you. Thank you, Counsel. Case number 116303, Larry Nelson v. The County of Kendall, is taken under advisement as agenda number 10. Thank you, gentlemen, for your arguments today. You are excused.